UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CASE No. 2:07-cr-20102** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **NATHANIEL SINGLETON** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a "Motion for Sentence Monitoring Computation Data" [doc. 126] and "Motion to Refile" [doc. 129] filed by defendant Nathaniel Singleton, requesting that alleged errors in the Bureau of Prison's ("BOP's") calculation of his sentence be corrected. These motions were referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

**I.**
**BACKGROUND**

Following a jury trial, Singleton was convicted in this court of one count of possession of a firearm by a convicted felon, a violation of 18 U.S.C. § 922(g)(1); one count of possession with intent to distribute cocaine, a violation of 21 U.S.C. § 841(a)(1); and one count of possession of a firearm during a drug trafficking crime, a violation of 18 U.S.C. § 924(c)(1)(A)(i). Doc. 41; *see* doc. 1 (indictment). He was then sentenced on January 9, 2009, to the following terms of imprisonment: 120 months each on counts 1 and 2, and 60 months on count 3, with the terms for counts 1 and 2 to run concurrently to each other and with the sixty-month term for count 3 to run consecutively to the other terms. Doc. 81, pp. 8–9. An amended judgment filed on February 25,

2009, however, identified the term for count 3 as six months rather than 60 months. *See* doc. 61. On April 29, 2009, the court granted the government's motion to reinstate oral pronouncement of sentence, noting that 60 months was the mandatory minimum sentence for count 3 and that the defendant's total term of imprisonment was thus 180 months. Doc. 69. The defendant filed a motion to reinstate the amended sentence of six months as to count 3, and the court denied the motion. Docs. 73, 76.

The defendant's conviction and sentence were affirmed by the United States Fifth Circuit Court of Appeal, and the United States Supreme Court denied his petition for writ of certiorari on October 4, 2010. Docs. 83, 84. The defendant then filed a motion to vacate [doc. 86] pursuant to 28 U.S.C. § 2255, which the district court denied on the merits after ordering a response from the government. Docs. 91, 92. The Fifth Circuit denied the defendant's motion for a certificate of appealability on his § 2255 motion. Doc. 101. The defendant then sought permission to file a successive § 2255 motion, which the district court declined to consider without authorization from the Fifth Circuit. Docs. 102, 104. The defendant filed a motion to reduce sentence under 18 U.S.C. § 3582(c), based on amendments to the United States Sentencing Guidelines, and the district court denied the motion. Docs. 105, 112. The defendant sought review in the Fifth Circuit, which dismissed his appeal as frivolous. Doc. 124.

Singleton now brings the instant motion, challenging the BOP's calculation of his sentence. Doc. 126. He appears to argue that the sentence computation does not properly account for time served and good conduct time. *Id.*; *see* doc. 126, att. 1. He has also filed a motion [doc. 129] requesting that his original request be refiled as a petition under 28 U.S.C. § 2241, 18 U.S.C. § 3585(b), and 18 U.S.C. § 3621(b).

## II.
### LAW AND ANALYSIS

To the extent that Singleton's motion could be construed as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, this court lacks jurisdiction to consider it. Because Singleton's first § 2255 motion was adjudicated on the merits, the instant motion qualifies as successive.[1] A district court lacks jurisdiction to consider a second or successive § 2255 motion unless the Court of Appeals has granted the defendant permission to file same. *United States v. Johnson*, 303 Fed. App'x 241, 242 (5th Cir. 2008) (unpublished) (citing *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000)).

When faced with an unauthorized second or successive § 2255 motion, some district courts opt to transfer the matter to the Fifth Circuit for a determination of whether the petitioner should be allowed to proceed, pursuant to *In re Epps*, 127 F.3d 364 (5th Cir. 1997). However, transfer is not mandatory and *Epps* instead "merely adopts a procedure to be used when a district court determines that transfer is appropriate." *Byrd*, 2016 WL 6538506 at *3. Singleton presents no basis why he is entitled to consideration under § 2255(h), and it is clear that he is actually challenging the execution of his sentence rather than seeking correction of the sentence imposed. Accordingly, § 2241 is the proper vehicle for the relief he seeks. *See Tolliver v. Dobre*, 211 F.3d 876, 877–78 (5th Cir. 2000) (distinguishing the uses of the respective statutes with respect to federal sentences). The court should therefore decline to transfer the matter to the Fifth Circuit for authorization to proceed under § 2255.

---

[1] "Second or successive" is a "term of art" in federal habeas law. *In re Lampton*, 667 F.3d 585, 587–88 (5th Cir. 2012). This term "does not encompass all applications filed second or successively in time," but instead "must be interpreted with respect to the judgment challenged." *Id.* (citing *Magwood v. Patterson*, 130 S.Ct. 2788, 2796–97 (2010)) (internal quotations omitted). However, with respect to applications challenging the same judgment, one "filed after a previous application was fully adjudicated on the merits is a second or successive application . . . even if it contains claims never before raised." *Graham v. Johnson*, 168 F.3d 762, 774 n. 7 (5th Cir. 1999) (citing *Felker v. Turpin*, 116 S.Ct. 2333 (1996)). Singleton's first § 2255 motion was adjudicated on the merits, and so this one qualifies as successive.

To the extent that Singleton intended this motion as a request for sentencing credit/challenge to the execution of his sentence under 28 U.S.C. § 2241, this court also lacks jurisdiction over such a petition. The petitioner's district of incarceration has exclusive jurisdiction over his § 2241 petition. *Lee v. Wetzel*, 244 F.3d 370, 373–74 (5th Cir. 2001). At the time he submitted the instant motion, Singleton was incarcerated at the Federal Correctional Institute in Miami, Florida. *See* doc. 126, att. 2. It appears that he is still at that facility. *See* doc. 129, att. 2. Accordingly, if he wishes to pursue relief under 28 U.S.C. § 2241, he must do so in the United States District Court for the Southern District of Florida.

Finally, in reference to Singleton's request that his motion be refiled under 18 U.S.C. §§ 3585(b) and 3621(b), we note that these statutes merely set terms for calculation of sentence and place of imprisonment. They do not provide separate vehicles for inmates to challenge the execution of their sentences. As noted above, § 2241 remains that proper vehicle for a petitioner to challenge the execution of his federal sentence.

### III.
#### CONCLUSION

For the reasons set forth above, **IT IS RECOMMENDED** that the instant motion be **DISMISSED WITHOUT PREJUDICE**, as the court lacks jurisdiction over Singleton's request whether he brings it through § 2241 or § 2255. **IT IS ALSO RECOMMENDED** that Singleton's Motion to Refile be **DENIED**, because, for reasons stated above, the court lacks jurisdiction over Singleton's request to correct the calculation of his sentence.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling. Failure to file written objections to the proposed factual findings and/or

the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

In accordance with Rule 11(a) of the Rules Governing Section 2255 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in Chambers this 16th day of April, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE